IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GLENDALE STEWART,

                                        OPINION AND ORDER

                Plaintiff,

                                          12-cv-337-bbc

      v.

ERIK K. SHINSEKI,
Secretary, Department of Veterans Affairs,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
and AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is one of three lawsuits that pro se plaintiff Glendale Stewart filed in this court on May 8, 2012. The allegations in this lawsuit relate to the events surrounding his termination from the Veterans Hospital in Madison, Wisconsin. Although it is difficult to understand many of his allegations, the gist seems to be that management at the hospital treated him unfairly throughout the three months he worked there, the union did not fairly represent him and the EEOC did not give him a fair hearing when he filed a discrimination complaint after he was fired. Because plaintiff is proceeding under 28 U.S.C. § 1915, I must screen his complaint to determine whether it states a claim upon which relief may be granted.

Plaintiff's claims against each defendant fail for different reasons. With respect to defendant Erik Shinseki, plaintiff's claims are barred under the doctrine of claim preclusion,

1

which prohibits a plaintiff from attempting to file a second lawsuit about a claim that has been litigated once before.  In re Ingersoll, Inc., 562 F.3d 856, 861 (7th Cir. 2009) ("The doctrine of claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps.").  In Stewart v. Shinseki, 10-cv-456-bbc (W.D. Wis.), plaintiff raised various claims about alleged discrimination and retaliation that he experienced while working at the Veterans Hospital.  (Because defendant Shinseki was the secretary of the agency who employed plaintiff, he was the proper party to be sued, even though he was not personally involved in the events.  42 U.S.C. § 2000e-16.(c).)  I entered judgment in favor of the defendant on all of those claims because plaintiff failed to adduce any evidence of discrimination or retaliation.

Plaintiff seems to try to avoid the words "discrimination" and "retaliation" in his new complaint, alleging more generally that management at the hospital treated him unfairly and plotted to have him fired.  If he is not suing about a violation of a federal civil rights statute, it is not clear what other cause of action plaintiff might have against Shinseki.  No federal law prohibits "unfair treatment" at the workplace.  The only theory plaintiff identifies in his complaint is "conspiracy to defraud."  It is not clear what he means by this, but it is not a federal cause of action or one for which Shinseki could be sued in his official capacity.

In any event, even if plaintiff could identify another federal statute that Shinseki allegedly violated, that claim would be barred as well.  "You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory."  Carr v. Tillery, 591 F.3d 909, 913-14 (7th Cir. 2010).  Plaintiff was required to

bring all of his claims related to these events in one lawsuit. Czarniecki v. City of Chicago, 633 F.3d 545, 549-50 (7th Cir. 2011) (plaintiff who sued employer under § 1983 for discrimination and lost could not bring new claims challenging his termination under Title VII and state law); Maher v. FDIC, 441 F.3d 522, 526 (7th Cir. 2006) (claim preclusion "bars litigation of claims that 'could have been raised' in the previous litigation, but were not").

With respect to the union, plaintiff's allegations are that it refused to protect him from the mistreatment. Although the Labor Management Relations Act imposes on unions a duty of fair representation, 29 U.S.C. § 185(a); Vaca v. Sipes, 386 U.S. 171, 190 (1967), this court does not have jurisdiction over claims against federal unions. In Karahalios v. National Federation of Federal Employees, Local 1263, 489 U.S. 527, 532 (1989), the Supreme Court held that Congress vested exclusive enforcement authority over the duty of fair representation in the Federal Labor Relations Authority and its General Counsel.

Finally, with respect to the EEOC, I am not aware of any cause of action for unfair treatment a party believes he received during administrative proceedings. If a party is not happy with the result he received from the EEOC, he is free to file a discrimination lawsuit in federal court, which is what plaintiff did in case no. 10-cv-456-bbc. Although plaintiff was not successful in federal court either, that does mean he is now entitled to sue the EEOC for an undesirable result.

3

ORDER

IT IS ORDERED that plaintiff Glendale Stewart's complaint is DISMISSED. Plaintiff's claim against defendant Erik Shinseki is DISMISSED under the doctrine of claim preclusion; plaintiff's claim against defendant American Federation of Government Employees is DISMISSED for lack of jurisdiction; plaintiff's claim against the Equal Employment Opportunity Commission is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment accordingly.

Entered this 19th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge